Ruth **CHEATHAM**, et al., Plaintiffs,

v.

**THURSTON MOTOR LINES,** et al., Defendants.

No. C–3–83–1133.

United States District Court, S.D. Ohio, W.D.

May 12, 1986.

---

Alvarene N. Owens, Richard Austin, Dayton, Ohio, Otto Beatty, Columbus, Ohio, for plaintiffs.

Gary J. Leppla, Dayton, Ohio, for Hosp. Care Corp. dba Blue Cross, intervenor.

Dayton Recreational Vehicle, Inc. dba— Van World, Dayton, Ohio, pro se.

Mary Patricia Cahill, Douglas W. Rennie, Cincinnati, Ohio, for third party defendant Dygert Seating, Inc.

Thomas M. Green, Dayton, Ohio, for defendant Thurston Motor Lines.

Thomas D. Hunter, Jerry D. Boyd, Columbus, Ohio, for third party defendant Chrysler Corp.

Thomas E. Jenks, Ronald S. Pretekin, Dayton, Ohio, for third party defendant Arena Dodge, Inc.

DECISION AND ENTRY REGARDING CHOICE OF LAW; DECISION SUSTAINING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO THE LIMITED EXTENT THAT DEFENDANT PLUNKETT IS FOUND NEGLIGENT AS A MATTER OF LAW

RICE, District Judge.

This case came before the Court as a rather straight-forward personal injury case, arising from the rear-ending of a van that contained six of the Plaintiffs by a truck driven by Defendant Plunkett, an employee of Defendant Thurston Motor

Lines. Over the course of time, however, this case has evolved into a complex mass of litigation involving both the original negligence claim and claims of product liability under both negligence and strict liability theories. The action now contains claims by the Plaintiffs against the original Defendants, Plunkett and Thurston Motor Lines (based on negligence), and an additional Defendant, Chrysler (based on product liability theories). Defendants Plunkett and Thurston Motor Lines have made third party claims against Chrysler, Arena Dodge, Dayton Recreational Vehicles and Dygert Seating, and Chrysler has made a third party claim against Dygert Seating, all based on product liability theories. Presently before the Court in this case are Plaintiffs' Motion for Summary Judgment (Doc. # 175), Plaintiffs' Motion in Limine (Doc. # 176) and the issue of what law will be applied in the trial of the various claims in the captioned cause. Plaintiffs' Motion in Limine will be dealt with by a separate decision. This entry will first address the issue of what law applies to the claims in this action, and then will examine Plaintiffs' Motion for Summary Judgment.

## I. *Choice of Law*

An outline of the law applicable to the various claims in this action is a prerequiste to the trial of this case. Accordingly, this section will outline the law applicable to the specific claims in this action.

A federal court in a case arising from diversity of citizenship must apply the choice of law rules of the state in which it sits. *See Klaxon v. Stentor Electric Man-*

*ufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Ohio has explicitly adopted the Restatement of the Law of Conflicts, Second, for determination of the law applicable in tort actions. *See Morgan v. Biro Manufacturing Company*, 15 Ohio St.3d 339, 474 N.E.2d 286, 288–89 (1984); *see also Nationwide Mutual Insurance Co. v. Ferrin*, 21 Ohio St.3d 43, 487 N.E.2d 568 (1986) (applying Restatement, Second, to choice of law in contract). This Court, therefore, must apply the Restatement of the Law of Conflicts, Second, in determining the law applicable to the claims in this case.

The Restatement Second's general principles for determining the choice of law in a tort action are found at § 145:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing injury occurred,

(c) the domicil residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered. These contacts are to be evaluated according to their relative importance with respect to the particular issue.[1]

---

1. Section 6 of the Restatement (Second) of Conflict of Law, referred to in § 145, provides:
   (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
   (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
   (1) the needs of the interstate and intranational systems,
   (b) the relevant policies of the forum,
   (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of law to be applied.
Section 145 is a reiteration of those factors found in § 6 that are of particular importance for choice of law decisions in tort cases. Restatement (Second) of Conflict of law § 145, comment b.

Section 146 of the Restatement Second sets out a more specific rule for personal injury actions:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

In applying these principles to the present action, the Court must determine the applicable law for three distinct issues: the negligence claim by Plaintiffs against Plunkett and Thurston Motor Lines, the product liability claims asserted against the Third Party Defendants (including Plaintiffs' claim against Chrysler) and the proper measure of Plaintiffs' damages. Under the Restatement approach to choice of law problems, the Court must examine each of these issues separately. *See* Restatement (Second) of Conflict of Law § 145, comment d.

■ With regard to the negligence claims by the Plaintiffs against Plunkett and Thurston Motor Lines, the Court finds that the § 146 presumption in favor of applying the law of the place an injury occurred is not outweighed by the other factors that must be weighed in determining which state has the most significant interest. The relationship between Plaintiffs and Defendants Plunkett and Thurston is centered exclusively in Tennessee, the site of the accident. Further, Tennessee has a greater interest than any other state in insuring that its traffic regulations and safety rules are obeyed. The policy underlying Tennessee's traffic regulations and safety rules is grounded in policies reflecting the specific road conditions of that state and the type of driving habits the state has decided to encourage (and discourage). Further, the Court believes that people generally expect that they will be bound by the traffic laws of the state in which they are traveling. Ohio, on the other hand, while having an interest in protecting the physical safety of its citizens, has no specific interest in traffic laws controlling drivers on Tennessee highways. Accordingly, the Court must conclude that Tennessee has the most significant relationship to the events surrounding the collision, and that Tennessee law applies to the negligence claims of the Plaintiffs against Thurston Motor Lines and Plunkett.

■ On the other hand, the relationship between the Plaintiffs and the alleged tortfeasors under the product liability claims indicates that Ohio has the most significant interest with regard to the law governing these claims. The important events in the relationship between Plaintiffs and the Third Party Defendants (including Chrysler) were the sale and modification of Plaintiff Ralph Birdsong's van. These events both occurred in Ohio. Unlike the alleged negligence of Plunkett and Thurston Motor Lines, the alleged torts of the Third Party Defendants (including Chrysler) were not the cause of the traffic accident in question, but were merely concurrent or aggravating causes of the Plaintiffs' injuries. In product liability claims, the primary interest of a state is to deter the sale and/or manufacture of negligently or defectively manufactured goods to that state's citizens. Tennessee's only interest in a product liability claim under the circumstances of this case would be if the product defect was the cause of the accident. Because the central event upon which a products liability claim is normally based is the sale of the goods, injured parties would expect that the law of the place of sale should govern with respect to injuries caused by those defects. Accordingly, the Court concludes that the significant relationship of Ohio with the product liability claims based upon the sale and modification of the van in Ohio overcomes § 146 presumption that Tennessee law applies. Therefore, the law of Ohio will govern claims against Chrysler, Arena Dodge, Dayton Recreational Vehicles and Dygert Seating, whether those claims are brought by Plaintiffs or by the Defendants.

Finally, in examining the relationships of Ohio and Tennessee to the issue of damages, the Court finds that Ohio has no contacts sufficient to overcome § 146's presumption that Tennessee law applies. Tennessee is the place where Plaintiffs' injuries occurred, and the place where at least part of the conduct allegedly causing the injuries occurred. The other conduct allegedly causing the injuries occurred in various locales in Michigan, Indiana and Ohio. No one state is the domicil, residence or principal place of business of a majority of the parties. There is no relationship between *all* of the parties (as opposed to just Plaintiffs and the Third Party Defendants) from which a significant state interest could be implied. The Court, therefore, finds that § 146's presumption in favor of the law of the state in which the injury occurred is controlling, and, accordingly, that Tennessee law will be applied to the issue of damages in this case.

In sum, Tennessee law will apply to Plaintiffs' negligence claim against Plunkett and Thurston Motor Lines and to the damages issue. Ohio law will apply to the products liability claims.

## II. *Plaintiffs' Motion for Summary Judgment*

Plaintiffs' Motion for Summary Judgment (Doc. # 175), which has been supplemented twice (Doc. # 228 and # 300), seeks summary judgment on the issue of liability between Plaintiffs and Defendants David Plunkett and Thurston Motor Lines. This motion in essence alleges that Defendant Plunkett was following the van of Plaintiff Ralph Birdsong too closely in violation of Tennessee Code § 55–8–124, that Defendant Plunkett was driving recklessly in violation of Tennessee Code § 55–10–204 and that Defendant Plunkett hit the Birdsong van as a result of this following too closely and his reckless driving. Based upon these facts, the Plaintiffs argue that the Defendants Plunkett and Thurston Motor Lines should be found to have been negligent *per se* and therefore liable for the injuries incurred by the Plaintiffs at the time of that accident.

Section 55–8–124 of the Tennessee Code provides, in part:

The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of said vehicles and the traffic upon and the conditions of the roadway.

Section 55–10–204 of the Tennessee Code provides that: "any person who drives any vehicle in willful or wanton disregard for the safety of persons is guilty of reckless driving." In his deposition, David Plunkett admits that he pled guilty to a charge of reckless driving under the Tennessee Code. *See* Plunkett Deposition at 7 (attached to Doc. # 175).[2] Further, Plunkett's deposition indicates that immediately prior to the accident, he was following the Birdsong van too closely. *See id.* at 26–31. Nothing in Plunkett's deposition indicates that the distance between his truck and the Birdsong van was reasonable under the circumstances. Thus, based upon Plunkett's plea of guilty to the charge of reckless driving and his admissions at deposition that he was in effect following Birdsong's van too closely, the Court must conclude that Defendant Plunkett was negligent *per se.*

However, the Court's finding that Defendant Plunkett was negligent *per se* does not lead to the conclusion, based upon the facts presently in the record, that Defendants Plunkett and Thurston Motor Lines are liable for the Plaintiffs' injuries. "A determination that the defendant is negligent *per se* ... does not require necessarily an award of damages. Negligence *per se* only establishes a defendant's duty and

---

**2.** The Court notes that this ruling is largely based upon depositions which have not been properly authenticated for use on a Rule 56 motion. However, neither side has objected to the use of these depositions, and Defendants Plunkett and Thurston Motor Lines have not contested the factual assertions Plaintiffs claim Plunkett's deposition supports. Nevertheless, even considering the depositions as properly within the record for the motion, the Court can conclude no more than that Defendant Plunkett was negligent as a matter of law.

breach thereof. The question whether the breach of the duty is a proximate cause of a plaintiff's injury and the question concerning the extent, if any, of injury are jury questions that survive a determination that the defendant is negligent *per se."* *Teal v. E.I. DuPont De Nemours and Co.,* 728 F.2d 799, 803 n. 4 (6th Cir.1984) (applying Tennessee law).

In the present case, the Court, based upon the record before it at this time, cannot find there is no contributory negligence as a matter of law. Contributory negligence is a bar to recovery under Tennessee law. *See, e.g., Arnold v. Hayslett,* 655 S.W.2d 941 (1983); *Street v. Calvert,* 541 S.W.2d 576 (Tenn.1976). Under Tennessee law, contributory negligence can be imputed to passengers *if* there is a finding that those passengers were engaged in a joint venture with the driver. *See Cole v. Woods,* 548 S.W.2d 640, 650 (Tenn.1977); *see also Cecil v. Hardin,* 575 S.W.2d 268, 271–72 (Tenn.1978) (defining joint venture). Based on the record before it at this time, the Court cannot find as a matter of law that the Plaintiffs were not engaged in a joint venture. Therefore, in the present case, the Court cannot conclude as a matter of law that Defendant Plunkett's negligence was the proximate cause of the accident in question.

Furthermore, the Court, based upon the record before it at this time, cannot conclude as a matter of law that Defendant Plunkett was acting within the scope of his employment with Defendant Thurston Motor Lines at the time of the collision. In order for an employee's negligence to be imputed to an employer, the employee must be acting within the scope of his or her employment at the time of the negligent conduct. *See Terminal Transport Co. v. Cliffside Leasing Corp.,* 577 S.W.2d 455 (Tenn.1979); *Daniels v. White Consolidated Industries,* 692 S.W.2d 422 (Tenn.Ct. App.1985). The record before the Court at this point is insufficient to impute Plunkett's negligence to Thurston Motor Lines upon a respondeat superior basis.

In sum, Plaintiffs' Motion for Summary Judgment is granted to the limited extent that Defendant Plunkett is found, as a matter of law, to have been negligent. The proximate causation of the accident and of the Plaintiffs' injuries, and the respondeat superior liability of Thurston Motor Lines, remain to be resolved through trial by jury.