EISCHEN ET AL., APPELLANTS, *v.* BAUMER, APPELLEE.

(No. 10-87-10—Decided
August 24, 1988.)

*Peter R. Van Arsdel,* for appellants.

*James E. Meredith,* for appellee.

McBRIDE, J. This action for damages for personal injuries to the plaintiffs as guest passengers in a motor vehicle operated by the defendant in Indiana asserted negligence, but not wanton or willful misconduct. All parties were residents of Ohio.

The Court of Common Pleas of Mercer County sustained a motion for summary judgment in favor of the defendant based upon the guest statute of Indiana.

The plaintiffs filed a timely appeal claiming that it was error of law to apply the statutory immunity of Indiana to the facts in this case. The issue on appeal is whether the Ohio substantive law as to damages should have been applied instead of that of Indiana.

The facts are undisputed as indicated in a short stipulation, one affidavit and the respective briefs of the parties.

On May 27, 1984, while in Wabash Township, Jay County, Indiana, the vehicle in which plaintiffs, Cheryl Eischen and Carl Eischen, were guests was involved in an accident. This vehicle was driven by the defendant, Gary J. Baumer. Plaintiffs claim that their injuries and damages were the direct and proximate result of the negligence of the defendant. The plaintiffs and the defendant were, at the time of the accident, residents of the state of Ohio. The journey at the time of the Eischens' injuries began in Ohio and was to end in Ohio. The conduct of the defendant, Baumer, while driving and operating the automobile in which the plaintiffs were guests, was not wanton or willful misconduct. The Indiana guest statute, also stipulated, provided for immunity for injury to a guest while being transported in a motor vehicle without payment, unless the injury was caused by wanton or willful misconduct of the operator. The language was substantially the same as the guest statute of Ohio which was held to be unconstitutional.

For reasons to be discussed, we conclude that since *Fox* v. *Morrison Motor Freight, Inc.* (1972), 25 Ohio St. 2d 193, 54 O.O. 2d 301, 267 N.E. 2d 405; *Schiltz* v. *Meyer* (1972), 29 Ohio St. 2d 169, 58 O.O. 2d 391, 280 N.E. 2d 925; and *Moats* v. *Metropolitan Bank of Lima* (1974), 40 Ohio St. 2d 47, 69 O.O. 2d 323, 319 N.E. 2d 603, the rule of *lex loci delicti* no longer determines which body of substantive law applies to the recovery of damages in Ohio resulting from vehicular accidents in another state and involving exclusively residents of Ohio. An action by such residents in an Ohio court is governed as to damages by the substantive law of Ohio.

More recently in *Morgan* v. *Biro Mfg. Co.* (1984), 15 Ohio St. 3d 339, 15 OBR 463, 474 N.E. 2d 286, the Supreme Court moved further to provide flexible guidelines for future litigation in general negligence situations by adopting the theory stated in

the Restatement of the Law of Conflicts where the choice-of-state-law dilemma exists. *Morgan, supra,* was a products liability case involving facts and law dissimilar to the motor vehicle situation and therefore not a precedent that may be construed to reverse or limit the application of the decisions in *Fox, supra, Schiltz, supra,* and *Moats, supra,* all of which recognized as significant the relationship of Ohio to parties and events in vehicle cases under circumstances identical to those in the instant case.

The history of the development of public policy considerations in the choice-of-law dilemma is discussed in *Morgan, supra,* and is not repeated here. The application of the Ohio law as to damages as a result of vehicular accidents in another state in an action in Ohio between its own citizens was re-affirmed twice and has not been reversed. The rule applies where the accident is on the highways or in the skyways of another state.

In his concurring opinion in *Fox, supra,* Justice Leach was of the opinion that the Supreme Court created an "exception" to the traditional rule and that otherwise *lex loci delicti* was not abolished. This view was affirmed in *Morgan, supra,* in 1984, which adopted the language of the Restatement but did not reverse earlier opinions. Since the adoption of the Restatement, what Justice Leach described as an "exception" may be expressed as an overwhelming and compelling public policy which determines the majority of the factors to be considered when no other state has an interest.

It is well to note that the Restatement expressly recognizes that the court of the forum is subject to constitutional restrictions. Since the decision that the Ohio guest statute is unconstitutional, it would be an anomaly if under the facts in this case the court were to impose similar unconstitutional legislation upon its own citizens when no other state has an interest.

The argument that the Ohio "exception" to *lex loci delicti* creates chaos on the highway because of possible conflict in traffic regulations is without merit. Rules of the road for conduct on public ways are local, specific standards and must of necessity be governed by the facts and the law of the place where negligence occurred. As apparent in *Moats, supra,* in the syllabus, the Ohio "exception" was narrowly tailored to the substantive law on damages. An award or limitation of damages is separable from and has nothing to do with the conduct or behavior that gave rise to a cause of action.

The argument of the appellee that the court may not reverse because there is credible evidence, as stated in *C.E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578, is irrelevant. This case was submitted on undisputed stipulations. No necessity exists to weigh the evidence. Rules for the weight of the evidence have no application to the decision-making process in resolving the law. The rationale by which a court arrives at the law is not governed by mathematical or conveniently measurable guidelines.

The reality of daily life in Mercer, and other counties similarly situated, is evident in this case. The defendant is listed as residing on the Indiana-Ohio Line Road. However, the relationship between the driver and the passengers was created in Ohio where the trip began and was to end. We find it difficult to change that relationship, with or without pay, for no reason other than that the vehicle crossed a state line. This factor supports the compelling interest of Ohio.

The trial court relied upon *Cheatham* v. *Thurston Motor Lines* (S.D. Ohio 1986), 654 F. Supp. 211. As

a result of a rear-end collision in Tennessee, *Cheatham, supra,* evolved into a complex mass of litigation including operational negligence, products liability and many parties. We have accepted the conclusion that Tennessee had the greater interest in insuring that its traffic regulations were obeyed. Also Ohio law governed products liability claims because the van involved was sold and modified in Ohio. In examining the conflict issue *on damages* the district court in *Cheatham, supra,* found that:

"No one state is the domicil, residence or principal place of business of a majority of the parties. There is no relationship between *all* of the parties * * * from which a significant state interest could be implied." (Emphasis *sic.*) *Id.* at 215.

Accordingly, *lex loci delicti* was applied to the damage issue and the Ohio "exception" properly ignored. *Cheatham, supra,* did not approach the issue in the instant case. The district court followed the Restatement of the Law of Conflicts, adopted in *Morgan, supra,* and had no occasion to consider the line of Ohio cases we have discussed; the guest statute was not involved; and *all* of the parties were not residents of the same state and the "exception" or the compelling, significant and exclusive interest of Ohio in all parties did not exist.

We conclude that in a vehicular accident in another state and involving all Ohio parties the damage that may be recovered is governed by the substantive law of Ohio.

The assignment of error is sustained, the judgment reversed and the case remanded for further proceedings.

*Judgment reversed.*

Evans and Shaw, JJ., concur.

ROBERT L. MCBRIDE, J., retired, of the Second Appellate District, sitting by assignment.