411 So.2d 883 (1982)
FORT MYERS AIRWAYS, INC., and Beverly Varboncoeur, As Personal Representative of the Estate of Donald R. Varboncoeur, Deceased, Appellants,
v.
AMERICAN STATES INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 81-459.
District Court of Appeal of Florida, Second District.
January 13, 1982.
Rehearing Denied March 17, 1982.
*884 John M. Murray, Joan S. Buckley of Walton, Lantaff, Schroeder & Carson, Miami, for appellants.
Edward R. Curtis of Dolan, Fertig & Curtis, P.A., Fort Lauderdale, for appellee.
SCHOONOVER, Judge.
The appellants, two of the defendants below, have appealed the entry of a summary judgment entered in favor of the appellee, American States Insurance Company (American States).
The sole question on this appeal is whether Donald R. Varboncoeur, deceased, was an insured under American States' insurance policy.
Under the circumstances of this case, we hold that a flight instructor, giving instructions to the owner and insured of an airplane, *885 is the agent or employee of the owner under an insurance policy which provides coverage to an agent or employee of the insured. We accordingly reverse the summary judgment entered against the appellants.
This case arose out of an airplane accident occurring in January 1977. The airplane, a Cessna 411, was owned by Herman Shaw, deceased, and insured by American States. An endorsement to the policy required Shaw to receive thirty-five hours of multi-engine instruction.[1] In order to meet this requirement, Shaw contracted with one of the appellants, Fort Myers Airways, Inc., and through them received flight instructions from Donald R. Varboncoeur, deceased. During an instructional flight, and while Shaw was at the controls, the plane crashed into a building killing Shaw, Varboncoeur, and an occupant of the building.
American States filed an action seeking a declaratory decree concerning its rights and obligations under the policy. Fort Myers Airways and Beverly Varboncoeur as personal representative of the Estate of Donald R. Varboncoeur counterclaimed alleging that Varboncoeur was an insured under the policy and therefore Fort Myers Airways, his employer, was also protected. Shaw's estate filed a separate suit in the state of Indiana, and in that action it was determined that the policy was in effect at the time of the accident.
All parties to this appeal moved for a summary judgment, and the trial court held that Varboncoeur was not an insured under the policy and therefore American States had no duty to defend his estate.
The pertinent portions of the policy in question are as follows:
III. Definition of Insured. The unqualified word "insured" whenever used in this policy with respect to Coverages A, B, C and D, includes not only the named insured but also any person while using the aircraft and any person or organization legally responsible for its use, provided the actual use is with the permission of the named insured. The provisions of this paragraph do not apply to:
... .
(c) any person or organization or any agent or employee thereof (other than agents or employees of the named insured) engaged in the manufacturing of aircraft, aircraft engines, aircraft accessories, or operating an aircraft repair shop, airport, hangar, aircraft sales agency or flying school with respect to any occurrence arising out of the manufacture or the operation thereof.
The appellants contend, and we agree, that Varboncoeur was an insured because he was a person using the aircraft with the insured's permission. They further contend that, since he was an agent or employee of the named insured, he was not excluded from coverage by paragraph III(c) of the policy.
The appellee contends that Varboncoeur was an independent contractor and not an agent under both the dangerous instrumentality doctrine and the law of agency.
We are fully aware of the pitfalls of equating the existence of insurance with the existence of liability. Ray v. Earl, 277 So.2d 73 (Fla. 2d DCA 1973). However, we feel a construction of the term "insured" which closely parallels the dangerous instrumentality doctrine and the law of agency should be applied in this case. These principles determine the persons for whose acts the owner will be liable, and an insurance clause determines the persons, aside from the named insured, for whose acts the insurance company will be obligated to provide coverage.
Under the dangerous instrumentality doctrine, an airplane is a dangerous instrumentality, and the rules enunciated to govern an automobile owner's liability for the operation of his automobile also govern the liability of owners of airplanes while they are in operation. Orefice v. Albert, 237 So.2d 142 (Fla. 1970). Accordingly, *886 when one permits another to operate his airplane, he becomes, as a matter of law, the principal, and the pilot becomes his agent. Orefice v. Albert.
American States contends that if the dangerous instrumentality is delivered to an independent contractor, the doctrine does not apply. Castillo v. Bickley, 363 So.2d 792, 793 (Fla. 1978). However, this exception applies only when the use of the dangerous instrumentality is not permissive and when the owner has no choice in determining if, when, and how the dangerous instrumentality is to be used. In this case, the owner contracted with Fort Myers Airways and maintained control over the relationship of the parties. Shaw determined if and when the plane was to be used and for what purpose. He also reserved the power to dismiss Varboncoeur and Fort Myers Airways.
Under the law of agency, Varboncoeur was also Shaw's agent and therefore an insured under the policy in question.
The decisive test in determining whether the relationship of principal and agent exists is whether the employer has the right to control and direct the servant in the performance of his work and in the manner in which his work is done. Keitz v. National Paving & Contracting Co., 214 Md. 479, 134 A.2d 296 (1957).
Shaw entered into a contract to receive thirty-five hours of multi-engine instruction under the terms of a contract acceptable to him. He chose the time when the plane would be flown, received the benefits of Varboncoeur's acts, and reserved the power to revoke the authority given to him.
It is the control of the relationship and not of the instrument which determines the relationship between the parties. One may be a servant or agent of another even though the employee is so much more skilled in the endeavor that actual assumption of the control would be a "folly." Quigley v. Wilson Line of Massachusetts, Inc., 338 Mass. 125, 154 N.E.2d 77 (1958).
The fact that Varboncoeur was also an employee of Fort Myers Airways is not controlling. Under the common law of master and servant, a servant can at one time be generally the employee of his general employer and specially the employee of a special employer. Famous Players Laskey Corp. v. Industrial Accident Commission, 194 Cal. 134, 228 P. 5 (1924).
Since Varboncoeur was an agent or employee of the insured, he was not excluded from coverage under paragraph III(c) of the policy, and we accordingly reverse and remand for further proceedings consistent herewith.
SCHEB, C.J., and CAMPBELL, J., concur.
NOTES
[1] Herman Shaw (provided that he has received at least 35 hours of dual multi-engine instruction in Cessna 411 aircraft and his multi-engine rating prior to solo... .