NATIONWIDE MUTUAL INSURANCE COMPANY, APPELLANT, *v.*
FERRIN ET AL., APPELLEES.

[Cite as Nationwide Mut. Ins. Co. *v.* Ferrin (1986), 21 Ohio St. 3d 43.]

(No. 85-381—Decided January 2, 1986.)

*Crabbe, Brown, Jones, Potts & Schmidt, William T. McCracken* and *David J. Richards,* for appellant.

*Denmead, Gerrity & Tsitouris* and *Chris C. Tsitouris,* for appellee J. C. Penney Insurance Co.

*Gary W. Hammond,* for appellee Allstate Insurance Co.

*Ronald E. Plymale,* for appellees George Kemp and Eileen Murphy.

*Douglas C. Myers,* for appellee Carl D. Ferrin.

*Per Curiam.* The issues presented for review are whether Florida or Ohio law applies and then, whether under the applicable law, Ferrin was using the tractor with permission at the time of the accident. For the reasons to follow we hold for appellees and affirm the appellate court below.

## I

It is well-settled in Ohio that in cases involving a contract, the law of the state where the contract is made governs interpretation of the contract. *Garlick* v. *McFarland* (1953), 159 Ohio St. 539, 545 [50 O.O. 445]; *Switzer* v. *Carroll* (C.A. 6, 1966), 358 F.2d 424, 426. In *Gries Sports Enterprises, Inc.* v. *Modell* (1984), 15 Ohio St. 3d 284, this court adopted, in the syllabus, Section 188 of 1 Restatement of the Law 2d, Conflict of Laws (1971). Appellant seems to aver that, in addition, we implicitly adopted an exception to general conflict of law principles that would require an individual analysis of whether, absent express choice of law, Ohio has some "public policy" interest to obviate the intent of the parties and necessitate application of Ohio law. We did not adopt such a view. The only controlling law with precedential effect in *Gries* was the syllabus

which adopted Section 188 of 1 Restatement of the Law 2d, Conflict of Laws. This section states at 575 that:

"In the absence of an effective choice of law by the parties * * *, the contacts to be taken into account * * * to determine the law applicable to an issue include:

"(a) the place of contracting;

"(b) the place of negotiations of the contract;

"(c) the place of performance;

"(d) the location of the subject matter of the contract, and

"(e) the domicile, residence, nationality, place of incorporation and place of business of the parties. * * *"

Insofar as the insurance contract herein was delivered to Joule's headquarters in Clearwater, Florida; that the address of Joule on the policy was Joule's Florida address; and that Ferrin was employed by Joule in Florida and left Florida to deliver the yacht to Michigan, more than ample basis was provided by the evidence to sustain the trial court's determination that Florida law was the applicable law. We therefore are compelled to affirm the determination that Florida law is applicable to the insurance contract.

## II

Our second concern is whether the lower courts properly construed Florida law.

Appellant argues that the Florida Supreme Court, if confronted with the evidence before us today, would adopt the "minor deviation" rule. This rule would preclude liability insurance coverage where a driver materially deviates from the purpose and use for which permission was granted for the use of his vehicle. To support this position appellant correctly cites *Kobetitsch* v. *American Manufacturers' Mut. Ins. Co.* (Fla. App. 1980), 390 So.2d 76, which expressly adopted the minor deviation rule with respect to an omnibus clause of an automobile insurance policy (such as the one here in question). However, even appellant concedes, "[t]he case would be a case of first impression in the Florida Supreme Court, and a conflict exists in the holdings of the Courts of Appeals of Florida."

In refutation, appellees have presented a wide range of precedent which indicates that Florida adheres to the "initial permission" rule. This rule is stated in the Florida Supreme Court case of *Boggs* v. *Butler* (1937), 176 So. 174, 176: "* * * [I]f the owner once gives his express or implied consent to another to operate his automobile, he is liable for the negligent operation of it no matter where the driver goes, stops, or starts."

The rule was further defined in *Susco Car Rental System of Florida* v. *Leonard* (1959), 112 So.2d 832, wherein the Florida Supreme Court stated: "* * * When control of such a vehicle is voluntarily relinquished to another, only a breach of custody amounting to a species of conversion or theft will relieve an owner of responsibility for its use or misuse." *Id.* at 835-836.

The underlying rationale for the initial permission rule is the "dangerous instrumentality" doctrine — a doctrine utilized by the Florida First District Court of Appeals to reach a result contrary to *Kobetitsch* in *American Fire & Cas. Co.* v. *Blanton* (1966), 182 So.2d 36. In *Blanton,* the court of appeals allowed application of the medical-payments provision of an insurance policy, under the policy's omnibus clause, even though the user of the automobile went beyond the scope of his authority. The court reiterated the rule in *Boggs, supra,* and stated: "Where 'original entrustment' is shown to exist, liability thus imposed on the owner will not be altered because of a departure beyond the scope of authority." *Blanton, supra,* at 39.

Similarly, in *Ray* v. *Earl* (1973), 277 So.2d 73, at 77, the Florida Second District Court of Appeals noted, "* * * we are fully cognizant of the logical pitfall of equating the existence of insurance with the existence of liability. However, we choose to adhere to that construction of the term 'insured' which most closely parallels the public policy behind the doctrines of vicarious liability, dangerous instrumentality, and 'primary' and 'secondary' insurance; namely: the policy of construing insurance policies, wherever reasonable, so as to compensate victims injured by the operation of dangerous instrumentalities." See, also, *Fort Myers Airways, Inc.* v. *American States Ins. Co.* (Fla. App. 1982), 411 So.2d 883 (airplane as dangerous instrumentality).

In *Roth* v. *Old Republic Ins. Co.* (1972), 269 So.2d 3, 6, the Florida Supreme Court reaffirmed the "legal principles implicit in *Susco*" in holding insurance protection inured to a lessee's permittee notwithstanding a provision in the lease agreement that the automobile would not be operated by anyone other than the lessee without express consent by the lessor. It seems to us apparent, as it was to the court of appeals below, that the Florida Supreme Court as well as a majority of those district courts of appeal which have reviewed the issue, continue to adhere to the initial permission rule both with respect to a vehicle owner's liability and with respect to the liberal interpretation given the scope of coverage under an omnibus clause of an automobile liability insurance policy. We are satisfied with the interpretation rendered by the courts below in holding for appellees.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.