Flora Smith, individually and as executrix of the estate of Nathaniel smith, appeals from a summary judgment entered by the Montgomery County Court of Common Pleas, declaring that she was entitled to recover no more than $15,000 automobile liability insurance coverage from Anthem Casualty Insurance Company ("Anthem Casualty") and no more than $35,000 underinsured motorist coverage from TIG Insurance Company ("TIG").
The facts and procedural history are as follows.
Flora and Nathaniel Smith contracted with TIG for automobile liability insurance ("the TIG policy"), and they renewed the TIG policy for the period of August 23, 1994 through February 23, 1995. The TIG policy provided for underinsured motorist coverage with limits of $50,000 per person and $100,000 per accident. On December 3, 1994, Nathaniel Smith and Allen M. Gragg were involved in an automobile collision in Montgomery County, Ohio. Gragg was an "insured" under the automobile liability policy issued by Anthem Casualty to Veronica Smith ("the Anthem Casualty policy") that provided liability coverage up to $15,000 per person and $30,000 per accident. Nathaniel Smith died on September 30, 1996. He is survived by his wife, Flora Smith, and a daughter, Lynetta Reynolds.
On December 3, 1996, Flora Smith filed a complaint against Gragg, Veronica Smith, TIG, and other defendants that are not involved in this appeal. She claimed that Gragg's negligent driving had caused the automobile collision in which Nathaniel Smith sustained the injuries that allegedly resulted in his death. Flora Smith later amended the complaint to add Anthem Casualty as a defendant. Pertinent to this appeal, Flora Smith sought a declaratory judgment on coverage issues against TIG and Anthem Casualty. She also asserted claims of bad faith and breach of contract against TIG.
On October 3, 1997, Flora Smith filed a motion for partial summary judgment on coverage issues, requesting a declaration that she was entitled to collect underinsured motorist coverage from TIG in the amount of $50,000 per person and $100,000 per accident with no deductions for liability coverage available from Anthem Casualty and a declaration that TIG and Anthem Casualty could not consolidate the wrongful death claims brought by Nathaniel Smith's estate, herself, and Reynolds into a single claim subject to the "per person" limits of the policies. TIG and Anthem Casualty each filed a motion for summary judgment and memorandum opposing Flora Smith's motion. TIG requested summary judgment that, pursuant to R.C. 3937.18, as amended by Am.Sub.S.B. 20 ("S.B. 20"), which became effective on October 20, 1994, "its maximum potential [underinsured motorist) exposure to plaintiff is $35,000 — the $50,000 'per person' [underinsured motorist] limits reduced by the tortfeasors' $15,000 'per person' limits." Anthem Casualty sought summary judgment that it was "entitled to consolidate all claims made by the Estate and Nathaniel Smith's beneficiaries in one claim subject to the $15,000 per person liability limits of the policy."
On April 28, 1998, the trial court denied Flora Smith's motion for partial summary judgment and entered summary judgment in favor of C TIG and Anthem Casualty. In followingRoss v. Farmers Ins. Group of Cos. (Jan. 10, 1997), Montgomery App. No. 15865, unreported, and other related cases, the trial court determined that R.C. 3937.18, as amended by S.B. 20 — the law in effect when the right to underinsured motorist coverage would accrue when she settled with Anthem Casualty — governs the parties' respective rights and duties rather than the version of the statute as interpreted by the supreme court in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500. The trial court further concluded that, pursuant to R.C.3937.18 and R.C. 3937.44, as amended by S.B. 20, the TIG and Anthem Casualty policy provisions consolidating all claims that resulted from any one person's bodily injury were valid and enforceable. Thus, Flora Smith's recovery was limited to $50,000 — $15,000 from Anthem Casualty and $35,000 from TIG. Additionally, the trial court dismissed Flora Smith's claims for bad faith and breach of contract against TIG.
The trial court's summary judgment preceded the supreme court's decision in Ross v. Farmers Ins. Group of Cos. (1998),82 Ohio St.3d 281, 289, which held that, "for the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." In this case, the pre-S.B. 20 version of R.C. 3937.18 and the Savoie opinion were effective at the time of the most recent pre-accident renewals of both the TIG and Anthem Casualty policies. Flora Smith filed a notice of appeal on May 22, 1998, and she raises two assignments of error.
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN APPLYING THE S.B. 20 AMENDMENTS TO R.C. 3937.18 INSTEAD OF APPLYING THE LAW IN EFFECT AT THE TIME OF CONTRACTING.
Flora Smith contends that the trial court should have applied the statutory law in effect at the time that she and Nathaniel Smith renewed the TIG policy to her claim for underinsured motorist coverage.
TIG does not dispute Flora Smith's correct assertion that the statutory law in effect on August 23, 1994 — the most recent renewal of the TIG policy prior to the accident — governs her claim for underinsured motorist coverage, and the matter will be remanded for further proceedings consistent with Ross,82 Ohio St.3d 281 and Savoie, 67 Ohio St.3d 500.
The first assignment of error is sustained.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY ALLOWING ANTHEM CASUALTY TO CONSOLIDATE ALL WRONGFUL DEATH CLAIMS AS ONE "CLAIM" FOR PURPOSES OF INSURANCE PER PERSON LIABILITY LIMITS.
Flora Smith contends that Anthem Casualty's consolidation clause is invalid and unenforceable under Savoie, 67 Ohio St.3d 500.
The trial court concluded that, pursuant to R.C. 3937.44, effective October 20, 1994, the following "Limit of Liability" clause of the Anthem Casualty policy was enforceable:
 The limit of liability shown in the Declarations applicable to "each person" is our maximum limit for all damages arising out of bodily injury sustained by one person as a result of any one accident. The limit of liability shown in the Declarations applicable to "each occurrence" is our maximum limit for all damages arising out of bodily injury sustained by two or more persons as a result of any one accident. * * *
 This is the most we will pay regardless of the number of insureds, claims made, vehicles or premiums shown in the Declarations or vehicles involved in the auto accident.
The trial court further rejected Flora Smith's challenge to Anthem Casualty's consolidation clause as ambiguous.
Anthem Casualty argues that Pennsylvania law applies to the "interpretation of the policy and the obligations of Anthem to its insureds" because the Anthem Casualty policy was executed, negotiated, and delivered in Pennsylvania and that, under Pennsylvania law, the consolidation clause is valid and enforceable. We agree that "the law of the state where the contract is made governs interpretation of the contract." (Emphasis added.) Nationwide Mut. Ins. Co. v. Ferrin (1986),21 Ohio St.3d 43, 44. However, the preliminary question of whether the consolidation clause of the Anthem Casualty policy is enforceable in Ohio must be determined by Ohio law. In Savoie,67 Ohio St.3d at 504, the supreme court expressed:
 Liability policy provisions which purport to consolidate wrongful death damages suffered by individuals are unenforceable because they directly violate the policy [that wrongful death damages should not be limited] expressed by the General Assembly and this Court.
Accordingly, the consolidation clause of the Anthem Casualty policy is invalid and unenforceable under the Ohio law effective at the time that Veronica Smith renewed the Anthem Casualty policy. See Ross, 82 Ohio St.3d at 289; Savoie,67 Ohio St. 3d at 504.
The second assignment of error is sustained.
The judgment of the trial court will be affirmed as it pertains to the breach of contract and bad faith claims against TIG and reversed as it pertains to Flora Smith's request for a declaratory judgment on her maximum potential recovery under the TIG and Anthem Casualty policies. The case will be remanded to the trial court for further proceedings consistent with this opinion.
FAIN, J. and GRADY, J., concur.
Copies mailed to:
Ronald J. Maurer Gary W. Hammond Rudolph A. Peckinpaugh, Jr. Michael W. Regnier Hon. Jeffrey E. Froelich