This is an appeal from a Scioto County Common Pleas Court summary judgment in favor of Allstate Insurance Company, defendant below and appellee herein, and against Robert L. Black and his wife, Brenda Black, plaintiffs below and appellants herein.
Appellants assign the following errors:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN DETERMINING THAT THE UNINSURED PROVISIONS OF THE INSURANCE CONTRACT ISSUED BY ALLSTATE ARE INTERPRETED PURSUANT TO OHIO LAW THEREBY GRANTING THE MOTION FOR SUMMARY JUDGMENT BY ALLSTATE AND DENYING THE MOTION FOR SUMMARY JUDGMENT BY ROBERT AND BRENDA BLACK."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN IT REFUSED TO APPLY WEST VIRGINIA LAW WHEN DETERMINING PLAINTIFFS' RIGHT TO PROCEEDS UNDER THE POLICY OF INSURANCE ISSUED BY DEFENDANT."
Appellant Robert L. Black is an Ohio resident. On August 12, 1995, he suffered injuries in a Barboursville, West Virginia automobile accident caused by a West Virginia resident. Appellant has received the $100,000 limit of the West Virginia resident's automobile insurance policy.
On July 8, 1997, appellant filed the instant action seeking an additional $100,000 pursuant to the underinsured motorist provisions in his Ohio automobile insurance policy with appellee. On September 8, 1997, appellant filed a motion for partial summary judgment on the issue of coverage only. In a memorandum in support of the motion, appellant admitted that under Ohio anti-stacking laws he may not recover the additional $100,000. Appellant, however, argued that because the accident occurred in West Virginia, the trial court should apply West Virginia automobile insurance law, which permits stacking of the limits of the two policies. See West Virginia Code 33-6-31(b).
On October 7, 1997, appellee filed a motion for summary judgment. In a memorandum in support of the motion, appellee argued that this action seeking an interpretation of the insurance policy between the parties sounds in contract law, not tort law. Appellee further argued that because the insurance policy was made in Ohio, Ohio law governs the interpretation of the policy.
On June 16, 1998, the trial court overruled appellant's motion for partial summary judgment and granted appellee's motion for summary judgment. Appellant filed a timely notice of appeal.
Although appellant assigns two errors, he did not separately argue each assignment of error as required by App. R. 16(A)(7). App. R. 12(A)(2) permits us to disregard any assignment of error that an appellant fails to separately argue as required by App. R. 16(A). See App. R. 12(A)(2); Park v. Ambrose (1993),85 Ohio App.3d 179, 619 N.E.2d 469; State v. Newberry (1991),77 Ohio App.3d 818, 820, 603 N.E.2d 1086, 1088, at fn. 1; State v.Houseman (1990), 70 Ohio App.3d 499, 507, 591 N.E.2d 405, 410. In the interest of justice rather than disregarding the assignments of error that appellant failed to separately argue, we will consider his two assignments of error together.
In his assignments of error, appellant asserts that the trial court erred by determining that Ohio law applies to his insurance policy, and thus the trial court erred by denying his motion for partial summary judgment and erred by granting appellee's motion for summary judgment.
Initially, we note that summary judgment is appropriate when the movant demonstrates: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993), 67 Ohio St.3d 337, 339-340,617 N.E.2d 1123, 1126; Bostic v. Conner (1988), 37 Ohio St.3d 144,146, 524 N.E.2d 881, 884; Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. When reviewing a summary judgment, an appellate court must independently review the record to determine if summary judgment was appropriate. An appellate court need not defer to the trial court's decision in summary judgment cases. See Morehead v.Conley (1991), 75 Ohio App.3d 409, 599 N.E.2d 786.
In the case sub judice, the parties agree that no genuine issue of fact exists. The parties disagree on whether Ohio law or West Virginia law applies to the insurance policy between the parties. Appellant argues that because the accident occurred in West Virginia, the trial court should apply West Virginia automobile insurance law, which permits stacking of the limit of the insurance policy in question with the limit of the tortfeasor's insurance policy. Appellee argues that because the insurance policy was made in Ohio, the trial court should apply Ohio automobile insurance law, which forbids stacking of the limits of the two policies.
In support of his argument, appellant relies on Kurent v.Farmers Ins. of Columbus, Inc. (1991), 62 Ohio St.3d 242,581 N.E.2d 533. In Kurent the court held as follows:
 "When an Ohio resident is injured in an automobile accident in a no-fault insurance state, by a resident of that state who is insured under that state's no-fault insurance laws, the Ohio resident's legal right to recover from the tortfeasor-motorist must be determined with reference to the no-fault state's laws. Where the no-fault state does not recognize a claim against the tortfeasor-motorist, the Ohio insured is not entitled to collect uninsured motorist benefits from his own insurer."
Id., syllabus. Appellant contends that Kurent stands for the proposition that "whether the insureds are entitled to uninsured motorist benefits under their policy must be determined by looking to the tort law of the state where the injury occurred."
We disagree with appellant's interpretation ofKurent. In Kurent, although the accident in question occurred in Michigan, the court did not discuss whether Michigan law or Ohio law applied to an Ohio insurance contract. Rather, the court discussed the meaning of one phrase in the Ohio insurance contract between the Kurents and their insurer. In that phrase, the insurance contract limited uninsured motorist coverage to policy holders who are "legally entitled to recover" from the tortfeasor. The Kurent court examined Michigan's no-fault insurance law only in the context of answering the question of whether the Kurents were "legally entitled to recover" from the tortfeasor.[1] The Kurent court did not apply Michigan law to an Ohio insurance policy.
Appellant also relies on appellate decisions from the Sixth, Seventh, and Ninth Districts. See Simcox v. Westfield Cos.
(Apr. 28, 1998), Medina App. No. 2697-M, unreported, discretionary appeal allowed (1998), 83 Ohio St.3d 1434,699 N.E.2d 949; Clement v. Grange Mut. Cas. Co. (Apr. 22, 1998), Medina App. No. 2698-M, unreported, discretionary appeal allowed in (1998), 83 Ohio St.3d 1434, 699 N.E.2d 948;Cincinnati Ins. Co. v. Leeper (Mar. 13, 1998), Lucas App. No. L-97-1265, unreported; Nationwide Mut. Ins. Co. v. Black
(1995), 102 Ohio App.3d 235, 656 N.E.2d 1352; Rixey v.Nationwide Mut. Ins. Co. (Feb. 21, 1992), Lucas App. No. L-91-064, unreported; Nationwide Mut. Ins. Co. v. Fryer (1990),62 Ohio App.3d 905, 577 N.E.2d 746; Mayse v. Watson (Sept. 27, 1985), Erie App. No. E-85-8, unreported. We acknowledge that those cases support appellant's position in this appeal, but we find that those cases erroneously apply conflict of law principles governing tort actions to actions sounding in contract.
We agree with appellate decisions cited by appellee from the Second, Fifth, Eighth, and Tenth Districts. In those cases, the courts recognized that actions between parties to an insurance policy sound in contract, and thus when conflict of laws issues arise in such actions, the courts must apply conflict of laws principles relevant to contract actions rather than conflict of laws principles relevant to tort actions. In Csulik v.Nationwide Mut. Ins. Co. (Mar. 9, 1998), Stark App. No. 1997CA00283 and 1997CA00289, unreported, discretionary appeal allowed in (1998), 82 Ohio St.3d 1443, 695 N.E.2d 266, the court noted that although the tortfeasor's legal obligation to the injured party sounds in tort, the injured party's action against the insurance company sounds in contract. In Wilson v.Nationwide Ins. Co. (Nov. 20, 1997), Cuyahoga App. No. 71734, unreported, the court wrote: "although a tortious injury may have led to the instant action, since it seeks essentially to determine appellee's contractual obligations to appellant, the action itself sounds in contract rather than tort." In Hookerv. Nationwide Mut. Ins. Co. (June 19, 1997), Cuyahoga App. No. 71472, unreported, the court noted that "a different interest analysis test applies to contract actions." In Wade v. AllstateIns. Co. (Apr. 30, 1997), Coshocton App. No. 96-CA-16, unreported, at footnote 6, the court acknowledged that contrary case law exists, including Rixey v. Nationwide Mut. Ins. Co.,supra, and Motorist Mut. Ins. Co. v. Howard (1996), 110 Ohio App.3d 709, 675 N.E.2d 51, but found those cases to be unpersuasive. See, also, Saddler v. United States AutomobileAssn. (Nov. 16, 1995), Cuyahoga App. No. 68603, unreported;Hunt v. Nationwide Mut. Ins, Co. (July 6, 1995), Cuyahoga App. No. 66562, unreported; Preferred Risk Mut. Ins. Co. v. Reece
(Dec. 30, 1994), Montgomery App. No. 14664, unreported; Fistev. Atlantic Mut. Ins. Co. (1994), 94 Ohio App.3d 165,640 N.E.2d 551.
In Csulik, the court determined that an action between parties to an insurance contract sounds in contract. After making that determination, the court reviewed conflict of laws principles relevant to contract actions. The court wrote in pertinent part as follows:
 "We respectfully disagree with the trial court's conclusion and find that the law of the State of Ohio is applicable in defining the contractual relationship between appellants and appellees as it pertains to UM/UIM benefits. In reaching this conclusion, several issues must be considered. First, although Sorenson's legal obligation to appellees sounds in tort, appellees['] action for recovery under the UM/UIM provisions of the policies sounds in contract. Kraly v. Vannewkirk
(1994), 69 Ohio St.3d 627, 632, 635 N.E.2d 323; Miller v. Progressive Cas. Ins. Co. (1994), 69 Ohio St.3d 619, 624, 635 N.E.2d 317; Colvin v. Globe Am. Cas. Co. (1982), 69 Ohio St.2d 293, 295, 432 N.E.2d 167; Motorists Mut. Ins. Co. v. Tomanski
(1971), 27 Ohio St.2d 222, 222-223, 271 N.E.2d 924. This is based upon the fact that an insurance company's obligation to its insured must be determined by the terms of the insurance policy, i.e. the contract between the parties. Hunt v. Nationwide Mut. Ins. Co. (July 6, 1995), Cuyahoga App. No. 66562, unreported, citing Kurent at 243-244.
 Furthermore, 'it is well settled in Ohio that cases involving a contract, the law of the state where the contract is made governs interpretations of the contract.' Nationwide v. Ferrin (1986), 21 Ohio St.3d 43, 44, 487 N.E.2d 568. In deciding choice of law questions involving the interpretation of contracts of insurance, the following factors are to be considered: (1) the location of the execution of the contract; (2) negotiation or performance of the contract; (3) the location of the subject matter of the contract; and (4) the domicile, residence, nationality, place of incorporation and place of business of the parties. Ferrin at 45, citing Restatement of the Law 2d, Conflict of Laws (1971), Section 188.
 Pursuant to the above analysis, we find Ohio law applies to the UM/UIM provisions of the policies at issue on appeal. The contracts were made in Ohio, the insured vehicle was principally garaged in Ohio and appellees are Ohio residents dealing with Ohio insurance agents based in Ohio offices. Under this analysis, Pennsylvania's interest in this litigation is not greater than that of the State of Ohio."
For the same reasons, we find that Ohio law applies to the insurance policy between the parties in the case sub judice. The insurance contract was made in Ohio, the insured vehicle was principally garaged in Ohio, and appellants are Ohio residents. This action sounds in contract law, not tort law. Thus, we believe that the trial court correctly decided appellee's motion for summary judgment.
Accordingly, based upon the foregoing reasons, we overrule appellant's two assignments of error.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, P.J.: Concur in Judgment Opinion
For the Court
 By: _________________ Peter B. Abele
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] Because the Kurents did not prove non-economic damages above the threshold level under the Michigan no-fault insurance law, the Kurents were not "legally entitled to recover" from the tortfeasor and thus could not recover under the uninsured motorist provisions of their policy.