OPINION
Plaintiffs-appellants Louis Beltrondo, et al. appeal from a judgment rendered by the Belmont County Common Pleas Court sustaining motions for summary judgment filed by defendants- appellees State Farm Mutual Automobile Insurance Company ("State Farm") and Grange Mutual Casualty Company ("Grange"). For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE FACTS
On November 14, 1996, Beltrondo was a passenger in an automobile driven by Valentino Esposito from Ohio to West Virginia. The purpose of the trip was to repair Gloria Esposito's vehicle which was disabled along the Interstate 470 entrance ramp. While engaging in these repairs, Beltrondo was seriously injured when he was struck by a vehicle driven by Michael J. Thomas.
Appellants settled with Thomas for $20,000, his insurance policy limit. They applied for underinsured motorist benefits from their insurance company, Grange. Although their policy provided underinsured motorist coverage in the amount of $50,000, Grange only agreed to pay $30,000 in underinsured motorist benefits.
Appellants additionally sought underinsured benefits from State Farm as it insured Valentino and Gloria Esposito's automobiles. The Espositos' policy provided underinsured motorist coverage in the amount of $50,000. Notwithstanding such coverage, State Farm refused to provide appellants with any underinsured motorist payments. Both Grange and State Farm off-set, from benefits under their respective policies, payments previously received by appellants.
Appellants filed a complaint seeking a judgment declaring that West Virginia law applied and that they were entitled to damages. Appellees filed motions for summary judgment contending that Ohio law applied and that they were entitled to off-set the amount already received by appellants against the benefits provided under the underinsured motorist provisions of their respective policies. The trial court sustained appellees' motions. This appeal followed.
We granted a stay of this appeal pending the Ohio Supreme Court's resolution of Shartle v. Allstate Ins. Co. (Oct. 27, 1999), Summit App. No. 19545, unreported. At this time, the briefing schedule for that case remains stayed. Shartle v. Allstate Ins. Co. (2000), 88 Ohio St.3d 1436. As such, our previous stay of the case at bar is hereby lifted, and we shall address the merit of this appeal.
 ASSIGNMENT OF ERROR
Appellants' sole assignment of error on appeal alleges:
 "THE TRIAL COURT ERRED IN GRANTING DEFENDANTS (sic) MOTIONS FOR SUMMARY JUDGMENT"
We review the trial court's grant of summary judgment de novo.Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue of material fact remains to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears that reasonable minds can only come to a conclusion that is adverse to the nonmovant. Welco Indus., Inc. v. Allied Cos. (1993),67 Ohio St.3d 344, 346. A trial court should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Id. Nevertheless, summary judgment is appropriate where the nonmovant fails to produce evidence demonstrating that a genuine issue of material fact exists. Id.
None of the parties in this case argue that factual issues are in dispute. The question, rather, is whether West Virginia or Ohio law applies in determining appellants' rights under the underinsured motorist provisions contained in the policies issued by Grange and State Farm.
 LAW AND ANALYSIS
In Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, 508, the Ohio Supreme Court held that "underinsured motorists who suffer from injuries caused by an automobile accident are entitled to collect up to the full limits of their underinsurance policy to the extent that their damages exceed the amounts which the tortfeasor's insurer has already paid to them." This rule allowed the "stacking" of benefits so that an injured person could receive compensation from a tortfeasor's insurance company and still recover the entire amount under their own underinsured motorist policy. Id.
In response to Savoie, the Ohio General Assembly amended R.C. 3937.18. The amendment, which became effective October 20, 1994, provides thatunderinsurance is not excess insurance, and the policy holder is only entitled to recover an amount that she would receive if the tortfeasor was uninsured. Am.Sub.S.B. No. 20. Underinsured motorist policies in Ohio may thus prohibit stacking. West Virginia, on the other hand, requires the stacking of benefits. Therefore, if Ohio law applies, appellees may set-off any benefits previously received by appellants against the $50,000 limits of their respective policies. However, if West Virginia law applies, appellees must compensate appellants to the extent of their injuries under their underinsured motorist policies up to the policy limits.
Appellants insist that this matter sounds in tort, thereby implicating West Virginia law. When a choice of law question arises in a tort action, a presumption arises that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. Morgan v. Biro Mfg. Co. (1984), 15 Ohio St.3d 339, 342. In determining the state with the most significant relationship, the court must consider: (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors the court deems relevant to the litigation. Id. Appellants note that the injury and the facts leading up to it occurred in West Virginia. They note that the tortfeasor was a resident of West Virginia. They argue, therefore, that West Virginia has a more significant relationship to the action than Ohio. As such, appellants contend that West Virginia law applies, and they should be allowed to stack the benefits from the underinsured motorist policies.
Appellees contend that this matter sounds in contract and Ohio law must apply. In determining choice of law questions involving contracts for insurance, courts must take into account: (1) the place of contracting; (2) the place of negotiations of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties. Nationwide Mut. Ins. Co. v. Ferrin
(1986), 21 Ohio St.3d 43, 44-45.[1] Appellees assert that the contracts for insurance were created in Ohio. They argue that performance under the contracts was sought in Ohio. The main offices for both State Farm and Grange are located in Ohio. As such, appellees argue that Ohio law must apply. We agree.
This court has recently held that "it is clear that Ohio law for uninsured/underinsured motorist coverage is determined by the contractual relationship between the insured and the insurance company." Westfall v.Nationwide Mut. Ins. Co. (June 30, 1999), Jefferson App. No. 98-JE-22, unreported. Underinsured motorist claims basically seek to determine an insured's contractual rights against the insurer. Salem CommunityHospital v. State Farm Ins. Co. (Feb. 23, 1999), Columbiana App. No. 97-CO-33, unreported. Furthermore, the Ohio Supreme Court in Landis v.Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, 341 acknowledged that without tortious conduct, there would be no underinsured motorist claim. Nonetheless, it held that such claims are governed by contract law. Id.
Shartle, Summit App. No. 19545, unreported, is strikingly similar to the case at bar. In that case, Steve M. Shartle, an Ohio resident, was insured by a policy issued in this state. He was involved in an accident in West Virginia. He sought payment pursuant to his underinsured motorist coverage. Shartle argued that his benefits should have been stacked as West Virginia law applied. The Ninth Appellate District disagreed. It held that the claim was contractual in nature, implicating Ohio law. Id.
The Ohio Supreme Court has allowed a discretionary appeal of Shartle, Summit App. No. 19545, unreported. Shartle 88 Ohio St.3d at 1436. As previously noted, however, the briefing schedule in that case remains stayed. Id. Thus, as the law currently stands in Ohio, underinsured motorist claims are contractual in nature. Westfall, Landis and Shartle,supra. Given the factors set forth in Ferrin, supra, we find that Ohio law applies. As such, appellants' assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Cox, P.J., concurs, Waite, J., concurs.
[1] In Csulik v. Nationwide Mut. Ins. Co. (2000), 88 Ohio St.3d 17, the Ohio Supreme Court was faced with a choice of law question in an uninsured/underinsured motorist policy. In that case, the plaintiffs were injured in Pennsylvania.
They were covered under an insurance policy issued in Ohio which stated that the insurance company would pay damages "due by law." Justice Pfeifer wrote a plurality opinion joined by two justices which held that the phrase "due by law" was ambiguous in light of the fact that, for statute of limitation purposes, the policy selected the laws of the state in which the accident occurred. The plurality went on to note that the insurance contracts are a "special breed" and ambiguities must be resolved in favor of the insured. It rejected a traditional choice of law analysis in resolving such issues in insurance contracts. Justice Douglass concurred in judgment only, noting that absent what he believed to be an ambiguous contractual modification of general contract principles, he would apply a traditional choice of law analysis. Chief Justice Moyer wrote the dissent which was joined by two justices. The dissent rejected the plurality's characterization of an insurance contract as a "special breed." Instead, the dissent would apply traditional contract principles. As such, a majority of the Ohio Supreme Court has indicated that traditional contract principles apply when determining choice of law issues in insurance contracts.