**Arthur DANIELS, et al.  Plaintiff**

v.

**WAUSAU INSURANCE COMPANIES,**
**Defendant**

**No. 3:01CV7443.**

United States District Court,
N.D. Ohio,
Western Division.

May 24, 2002.

## ORDER

CARR, District Judge.

This is a diversity suit in which the plaintiffs, Arthur Daniels (Daniels) and his wife, Bessie Daniels, claim to be entitled to uninsured and under-insured (UM/UIM) coverage under a policy issued by the defendant Wausau Insurance Companies (Wausau) to Mr. Daniels' employer, Inter-state Cleaning Company (Interstate). Pending is a motion by the defendant for summary judgment. For the reasons that follow, the motion shall be granted.

Daniels, a resident of Ohio, was injured in an automobile accident in Michigan. A suit against the tortfeasor was settled for the limits of the tortfeasor's insurance policy. At the time of the accident, Daniels was operating his own vehicle, registered in Ohio, while working for Interstate, which has its principal place of business in St. Louis, Missouri. Daniels contends that the doctrine enunciated by the Ohio Supreme Court in *Scott–Pontzer v. Liberty Mutual Fire Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999), applies, and entitles him to UM/UIM coverage.

In *Scott–Pontzer*, the court held that, absent an agreement between an insurer and a business purchaser of insurance to the contrary, UM/UIM coverage arises automatically by operation of law and employees of the insured entity can be deemed to be an insured persons under such policy. In which case, the employee can enjoy the benefits of UM/UIM coverage.

Daniels argues that Ohio law governs his claim, so that *Scott–Pontzer* applies and gives rise to UM/UIM coverage under the Wausau policy. Wausau argues that Missouri law is controlling, and that coverage is not available under its policy.

In Ohio an action to determine an insurance company's obligation to a person claiming to be covered by a policy is a contract action. *State Farm Auto. Ins. Co. v. Alexander*, 62 Ohio St.3d 397, 583 N.E.2d 309 (1992). *Accord, Ohayon v. Safeco Ins. Co. of Illinois*, 91 Ohio St.3d 474, 478, 747 N.E.2d 206 (2001) ("this court has long held that an insurance policy is a contract between the insurer and the insured."). This principle applies to disputes

involving a claim for UM/UIM coverage. *Ohayon,* 91 Ohio St.3d at 481, 747 N.E.2d 206.

■ In *Nationwide Mut. Ins. Co. v. Ferrin,* 21 Ohio St.3d 43, 44, 487 N.E.2d 568 (1986), the Supreme Court of Ohio held that § 188 of the Restatement (2d) of Conflict of Laws determines the law governing coverage disputes. The court reconfirmed this holding in *Ohayon,* 91 Ohio St.3d at 483, 747 N.E.2d 206.

Section 188 states:

In the absence of an effective choice of law by the parties ..., the contacts to be taken into account in applying the principles of s 6 to determine the law applicable to an issue include:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

■ Each of these factors supports application of Missouri, rather than Ohio law. A St. Louis agency placed the insurance with Wausau, and did so for a Missouri corporation. Negotiations concerning the terms of the contract occurred in Missouri. Perhaps most importantly, coverage was limited to vehicles registered in Missouri, and a list of those vehicles was incorporated into the contract.

The Wausau policy was not executed, negotiated or performed in Ohio. Nor did the policy cover vehicles licensed or garaged in Ohio. Ohio has no relationship to the formation of the policy. Simply stated, Missouri's interests far exceed Ohio's, which is clear from following the analytical process outlined in § 188, mandated by *Ferrin* and *Ohayon.*

Plaintiff claims that *Ohayon* supports application of Ohio, rather than Missouri law. I disagree: as the Court pointed out in that case, "The insurance contract was executed and delivered in Ohio by Ohio residents and an Ohio-licensed insurance agent. The policy insured vehicles principally garaged in Ohio." 91 Ohio St.3d at 483, 747 N.E.2d 206. None of these factors—except the registration and location of the garage for the auto—exists in this case.

Plaintiff also asserts that the determinative factor is the risk assumed under the policy. That argument is unavailing: the risk related to the designated vehicles, all of which were owned by Interstate, rather than autos owned by its employees. Interstate and Wausau could reasonably contemplate that, when Interstate's employees drove their own cars on company business, they would have their own insurance, including UM/UIM coverage, if they chose to purchase such insurance. It is reasonable to infer that Interstate reimbursed or compensated its employees for their use of their own vehicles, and that a portion of such payment was allocated to the purchase of insurance.

I find, accordingly, that Missouri, not Ohio law applies in this case.

■ The next question is whether, under Missouri law, UM/UIM coverage is available under this policy. I find that it is not.

In Missouri, persons who are insureds under a policy of insurance in that State are entitled to UM/UIM coverage. Rev. Stat. Mo. § 379.203.1. Whether plaintiffs can recover under Missouri law depends, accordingly, on whether Daniels qualifies as an "insured."

Under the language of the insurance contract between Wausau and Interstate, Daniels is not an insured. In addition, Daniels' automobile was not a "covered auto," as defined in the policy.

The policy defines an insured as follows:

1. WHO IS AN INSURED

The following are "insureds:"

a. You for any covered "auto."

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

\*   \*   \*   \*   \*   \*

(2) Your employee if the covered "auto" is owned by that employee or a member of his or her household.

As previously noted, the policy lists the covered autos. Daniel's vehicle is not in the list, which is comprised of vehicles owned by Interstate, rather than any of its employees.

The policy defines "you" as referring "to the Named Insured shown in the Declarations...." Interstate Cleaning is the Named Insured. Daniels is not a named insured.

■ Finally, the policy specifically excludes from its coverage as "insureds" Interstate employees driving their own vehicles or those owned by a family member.

In light of the foregoing policy language, which is clear and unambiguous, Daniels was not an insured under the policy. Nor was he driving a covered auto. Consequently, he is not covered by the policy and cannot receive benefits under its UM/UIM provision.

■ To the extent that Daniels claims to be entitled to uninsured motorists coverage, he is no more successful. In Missouri, an "uninsured motor vehicle" is a vehicle whose operator or owner had no automobile liability coverage at the time of the accident. *Harrison v. MFA Mutual Ins. Co.*, 607 S.W.2d 137 (1980). The unin-

sured motorist statute has no application where the tortfeasor has has such coverage. *Id.* at 139. In this case, the tortfeasor was insured, and Daniels received the proceeds of that insurance. Plaintiffs have no basis for claiming uninsured motorists coverage, even if it were otherwise available under the defendant's policy.

**Conclusion**

In light of the foregoing, it is

ORDERED THAT defendant's motion for summary judgment be, and the same hereby is granted.

So ordered.