{¶ 1} Plaintiff-appellant Progressive Direct Insurance Company ("Progressive") appeals from the trial court's entry of summary judgment for defendants-appellees Steven, Jennifer, George, and Joyce Gross ("the Grosses") in Progressive's declaratory-judgment action.
 {¶ 2} This appeal involves the application of traditional choice-of-law principles. Because the trial court erred in determining that Kentucky law, rather than the law of Ohio, was applicable to resolve the parties' dispute, its judgment is reversed.
 Factual Background {¶ 3} Progressive had issued an automobile insurance policy in Ohio to Valerie Keyes. Through a "Named Driver Exclusion," Valerie Keyes specifically excluded her husband, Ken Keyes, from coverage under the policy.
 {¶ 4} Despite being excluded from coverage, Ken Keyes drove his wife's automobile. While driving in Kentucky, he was involved in an automobile accident that caused injury to several of the Grosses. The Grosses filed suit in a Kentucky court against Ken and Valerie Keyes.
 {¶ 5} Progressive then filed a declaratory-judgment action in Hamilton County, Ohio. It sought a declaration that it had no duty to provide a defense for Ken Keyes or any obligation to indemnify him. Progressive moved for summary judgment. It argued that under Ohio law, which places no limitations on the ability to exclude particular drivers from an automobile insurance policy, it had no duty to defend or indemnify Ken Keyes because he had been specifically excluded from coverage under its policy. *Page 4 
 {¶ 6} The Grosses also moved for summary judgment. They argued that because Kentucky law does not allow the spouse of an insured to be excluded from coverage,[1] Ken Keyes was covered under the automobile insurance policy issued by Progressive. While Progressive argued that Ohio law was applicable because that was where the insurance contract had been drafted, the Grosses argued that the law of Kentucky had to be applied because that was where the accident had occurred.
 {¶ 7} The trial court denied Progressive's motion for summary judgment, but granted the motion for summary judgment filed by the Grosses. On appeal, Progressive argues in its sole assignment of error that the trial court erred in denying its motion for summary judgment and in granting the motion filed by the Grosses.
 Standard of Review {¶ 8} This court reviews a grant of summary judgment de novo, without any deference to the trial court's decision.[2] Summary judgment is appropriately granted when there exists no genuine issue of material fact, the movant is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the non-moving party, permits only one reasonable conclusion that is adverse to the non-moving party.[3]
 Contract versus Tort Action {¶ 9} We must determine whether Ohio or Kentucky law governed the resolution of this dispute. Such a determination focuses on whether the dispute sounded in contract or in tort. *Page 5 
 {¶ 10} In a contract action, generally "the law of the state where the contract is made governs interpretation of the contract."[4] Factors relevant to determining the applicable law in a contract case include the following: "(a) the place of contracting; (b) the place of negotiations of the contract; (c) the place of performance; (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties."[5] But in a tort action, a presumption exists that "the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit."[6]
 {¶ 11} The Grosses argue that this court's decision in State FarmAutomobile Insurance Company v. Brazzle[7] dictates a determination that the present dispute sounded in tort. In Brazzle, State Farm had issued an automobile insurance policy in Ohio to Donald Cuthbert. Cuthbert was involved in an automobile accident in Kentucky. The driver of the automobile that collided with Cuthbert, Anthony Jackson, was killed. The administrators of Jackson's estate filed a personal-injury action against Cuthbert in Kentucky. That lawsuit was terminated when a settlement agreement was reached with State Farm on all claims but those for loss of consortium and loss of services. State Farm then filed a declaratory-judgment action in Ohio. It sought a declaration that Ohio law applied to the remaining claims. But Jackson's estate contended that Kentucky law should be applied to the claims. The trial court granted summary judgment to State Farm, concluding that Ohio law applied.
 {¶ 12} This court reversed, determining that the case involved a tort action requiring application of Kentucky law.[8] We specifically held that "[f]irst, even *Page 6 
though an insurance contract was involved in the dispute, the damages claimed * * * against Cuthbert and his insurer arose from an automobile accident and therefore sounded in tort. Moreover, the policy language at issue involved a determination of the `damages which an insured becomes legally liable to pay' and therefore implicated substantive tort law * * *. Finally, even though the contract between Cuthbert and his insurer was entered into in Ohio, the decedent was not a party to that contract."[9]
 {¶ 13} Brazzle is easily distinguishable from the case presently before us. First, in Brazzle, the driver of the automobile had been a named insured in the State Farm policy. In this case, Ken Keyes was not insured by Progressive. Rather, Progressive had insured Keyes' wife. Second, coverage had already been determined in Brazzle, and that case concerned the type and amount of damages available to the injured party. But in this case, the parties' dispute was over whether Ken Keyes was even covered under the policy. The type and amount of available damages were not involved in this action.
 {¶ 14} We are cognizant that, just as the decedent in Brazzle was not a party to the insurance contract between State Farm and Cuthbert, the Grosses were not parties to the insurance contract issued by Progressive. But neither was Ken Keyes. Although it may appear unjust to hold the Grosses to a contract term that they did not negotiate, in this situation it is equally unfair to hold Progressive liable for a driver specifically excluded from coverage merely because the accident occurred in a state other than that in which the contract was made.
 {¶ 15} We are not persuaded by the Grosses' argument that this action was a matter of tort law. Because the parties' dispute concerned the availability of coverage under the policy and the interpretation of the contract's "Named Driver Exclusion," *Page 7 
we conclude that the action was one in contract. And considering the well-settled principle that the law of the state where the contract was made governs its interpretation, as well as applying the relevant factors from the Restatement that we have already listed, we further conclude that Ohio law was applicable to the parties' dispute.
 {¶ 16} Ken Keyes had been specifically excluded from coverage under the policy. And because Ohio law did not limit an insurer's ability to exclude drivers from coverage, Progressive had no duty to defend or indemnify Ken Keyes. Progressive was entitled to summary judgment, and the trial court erred in denying its motion for summary judgment and in granting the Grosses' motion.
 Out-of-State Coverage Clause {¶ 17} The policy issued by Progressive to Valerie Keyes contained an "Out-of-State Coverage" clause. This clause provided that "[i]f an accident to which this Part I applies occurs in any state, territory or possession of the United States * * * other than the one in which a covered vehicle is principally garaged, and the state, province, territory or possession has: (1) a financial responsibility or similar law requiring limits of liability for bodily injury or property damage higher than the limits shown on the Declarations Page, this policy will provide the higher limit; or (2) a compulsory insurance or similar law requiring a non-resident to maintain insurance whenever the non-resident uses a vehicle in that state * * *, this policy will provide the greater of: (a) the required minimum amounts and types of coverage; or (b) the Limits of Liability under this policy."
 {¶ 18} The Grosses argue that because this clause stated that Progressive would provide the required minimum amounts of coverage in another state, and because Kentucky law required coverage for spouses of an insured by not allowing *Page 8 
them to be excluded from coverage, the clause required Progressive to provide coverage for Ken Keyes. Not so. We have already determined that the law of Ohio was applicable, and Ohio law did not prevent an insurer from excluding the spouse of an insured from coverage. In our view, the purpose of this clause was to assure an insured that he or she could legally drive in states other than that in which the insurance contract was made. The clause could not be used to create coverage for a driver who had been specifically excluded or to void a "Named Driver Exclusion."
 Conclusion {¶ 19} Because the action between Progressive and the Grosses was one in contract, Ohio law was applicable to resolve the parties' dispute. And because the exclusion of the spouse of an insured was not prohibited under Ohio law, Progressive had no duty to defend or indemnify Ken Keyes. The trial court erred in granting summary judgment for the Grosses, and its judgment is accordingly reversed. This case is remanded with instructions that the trial court grant Progressive's motion for summary judgment and overrule the motion filed by the Grosses.
Judgment reversed and cause remanded.
PAINTER, P. J., and DINKELACKER, J., concur.
[1] See Ky.Rev.Stat.Ann. 304.39-045.
[2] Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336,671 N.E.2d 241.
[3] State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[4] Nationwide Mut. Auto. Ins. Co. v. Ferrin (1986), 21 Ohio St.3d 43,44, 487 N.E.2d 568.
[5] Id., quoting 1 Restatement of the Law 2d, Conflict of Laws (1971), Section 188.
[6] See 1 Restatement of the Law 2d, Conflict of Laws (1971) 430, Section 146. See, also, Morgan v. Bifro Mfg. Co. (1984),15 Ohio St.3d 339, 342, 474 N.E.2d 486.
[7] 1st Dist. No. C-010489, 2002-Ohio-1931.
[8] Id.
[9] Id. *Page 1