DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Kurt Huskonen et. al., appeal from the judgment of the Lorain County Court of Common Pleas which granted summary judgment in favor of Appellee, Avis Rent-A-Car. We affirm.
 I. {¶ 2} This case arose from a motor vehicle accident that occurred on April 4, 2003. Appellant, Kurt Huskonen ("Huskonen"), was injured when Lamont McCoy ("McCoy"), a New York resident, collided with Huskonen's vehicle while traveling on the Ohio Turnpike. Although McCoy was driving the rental car at the time of the accident, McCoy was not the authorized driver on the rental contract. Rather, an acquaintance of McCoy, Ms. Raushalia Dickerson ("Dickerson"), had rented the vehicle from Appellee, Avis-Rent-A-Car ("Avis") in New York. She was the only authorized driver on the rental contract. *Page 2 
 {¶ 3} On April 4, 2005, Huskonen[1] filed suit in the Cuyahoga County Court of Common Pleas against Avis and Cendent Car Rental Group. Huskonen alleged that Avis was vicariously liable for McCoy's negligence pursuant to its rental contract under New York Vehicle and Traffic Law Section 388. The Cuyahoga County Court granted Avis' Motion to Transfer Venue on July 1, 2005. The court ordered Huskonen's case transferred to the Lorain County Court of Common Pleas, where it was consolidated with the suit filed by Huskonen's passenger during the accident, Jed Hedlund.
 {¶ 4} On January 12, 2007, Avis filed a motion for summary judgment against all parties asserting that Ohio law, not New York law, controlled and did not permit a claim against it based on vicarious liability. Huskonen also filed a motion for partial summary judgment on January 16, 2007. In his motion, Huskonen asserted that Avis was liable for McCoy's negligence. On December 27, 2007, the trial court granted summary judgment to Avis concluding that Ohio law governed, and that Avis would not be liable for McCoy's negligence under Ohio tort law. Huskonen timely appealed the trial court's order, raising three assignments of error for our review. We have combined Huskonen's assignments of error for ease of consideration.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRONEOUSLY GRANTED AVIS' MOTION FOR SUMMARY JUDGMENT IN APPLYING OHIO TORT LAW TO A CONTRACT DRAFTED IN NEW YORK WITH A NEW YORK RESIDENT." *Page 3 
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO AVIS ON THE BASIS THAT NEW YORK DOES NOT HAVE A MORE SIGNIFICANT RELATIONSHIP TO THE ESSENTIAL ISSUE THAN OHIO WHERE ALL CONDUCT AND ACTIVITIES RELEVANT TO THE ISSUE OF AVIS' LIABILITY OCCURRED IN NEW YORK AND NEW YORK HAS A SUBSTANTIAL INTEREST IN APPLYING ITS LAW." ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO AVIS AND CONCLUDED THAT IT WAS NOT VICARIOUSLY LIABLE FOR ITS RENTAL VEHICLE'S NEGLIGENT OPERATION WHERE NEW YORK LAW APPLIES AND, AS A MATTER OF NEW YORK LAW, AVIS IS VICARIOUSLY LIABLE."
 {¶ 5} In his assignments of error, Huskonen contends that the trial court erred in granting Avis' motion for summary judgment. We do not agree.
 {¶ 6} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. *Page 4 
Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ. R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact.Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} Avis filed its motion for summary judgment on January 12, 2007. In its motion, Avis argued in part that Section 388(1) of New York's Vehicle and Traffic Law was not applicable in the instant case. Specifically, Avis argued that "Huskonens' claims against Avis are rooted in Section 388," and that due to conflict of law principles, this New York statute did not apply. Huskonen responded on February 2, 2007, contending that New York law applied to this case and that under Section 388, Avis was vicariously liable for McCoy's negligence. The trial court determined that New York law did not apply and therefore Avis could not be liable under Section 388. While we agree with the trial court's ultimate decision that Section 388 does not apply in this case and therefore Avis was not vicariously liable on that theory, we do not necessarily agree with the trial court's reasoning.
 {¶ 10} "It is well established in Ohio that `a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof.'" Co Le'Mon, L.L.C. v. HostMarriott Corp., 9th Dist. No. 05CA008797, 2006-Ohio-2685, at ¶ 17, quoting State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 92. Further, "[t]he trial court's ultimate judgment in this case was correct, and it is the court's ultimate judgment we are affirming in this Opinion." Abdalla's Tavern v. Dept. Of Commerce, Div. Of State FireMarshal, 7th Dist. No. 02 JE 34, 2003-Ohio-3295, at ¶ 83. *Page 5 
 {¶ 11} In the instant case, the trial court reasoned that the New York law did not apply because the underlying cause of action was based in tort, and therefore Ohio law applied. "It is well-settled in Ohio that in cases involving a contract, the law of the state where the contract is made governs interpretation of the contract." (Internal citations omitted.) Nationwide Mut. Ins. Co. v. Ferrin, 21 Ohio St.3d 43, 44. "Factors relevant to determining the applicable law in a contract case include the following: (a) the place of contracting; (b) the place of negotiations of the contract; (c) the place of performance; (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." (Internal citations and quotations omitted.)Progressive Direct Ins. Co. v. Gross, 1st Dist. No. C-070547,2008-Ohio-2058, at ¶ 10. However, if the action sounds in tort, "a presumption exists that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit." Id. Further, it is clear under Ohio law that we are to take a "selective approach to choice of the law governing particular issues." Restatement of the Law 2d, Conflict of Laws (1971), Section 188, Comment d. In other words, we are to look at each issue in a case separately "if it is one which would be resolved differently under the local law rule of two or more of the potentially interested states." Id. Therefore, the instant case could be governed by either tort or contract law, or a combination of the two. If we were to determine that New York law applied to interpret the contract, our review of New York law would be limited to the cases, statutes, and regulations that govern the interpretation of contracts in New York. The remainder of the case could be governed by Ohio tort law. We decline, however, to make that determination here. *Page 6 
 {¶ 12} In their arguments below and to this Court, the parties specifically reference Section 388(1) of New York's Vehicle and Traffic Law. This section states, in relevant part, that;
 "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner."
We again note that the contract, the rental agreement, does not specifically reference this section. No New York court has held that Section 388 operates as an implied contractual provision between the owner of a vehicle and its driver. To the contrary, the New York Court of Appeals has held that Section 388 creates a tort action in which a driver's negligence is imputed to the vehicle's owner. Argentina v.Emery World Wide Delivery Corp. (N.Y. 1999), 715 N.E.2d 495, 496 ("The tort action here . . . claim[s] that [the vehicle's owner] was liable for [plaintiffs'] damages under Vehicle and Traffic Law § 388(1), which imposes liability on all vehicle owners for accidents resulting from negligence in the permissive `use or operation' of their vehicles.");Mowczan v. Bacon (N.Y. 1998), 703 N.E.2d 242, 243 ("Vehicle and Traffic Law § 388 pertinently provides that the negligence of the user or operator of a motor vehicle is imputed to the owner."); see, also,Graham v. Dunkley (N.Y.Sup.Ct. 2006), 827 N.Y.S.2d 513, 522 ("Vehicle and Traffic Law § 388 is a state statute in derogation of the state common law . . . and it is part of New York State's substantive law of torts"), rev'd on other grounds, 852 N.Y.S.2d 169 (N.Y.App.Div. 2008).
 {¶ 13} The New York legislature's goal in enacting Section 388 "was to ensure that owners of vehicles that are subject to regulation in New York `act responsibly' with regard to those vehicles." Fried v.Seippel (N.Y. 1992), 599 N.E.2d 651, 655 (quoting Boxer v. Gottlieb *Page 7 
(S.D.N.Y. 1987), 652 F. Supp. 1056, 1065). It imposes liability on the owner of a vehicle regardless of whether there is a contract between the owner and driver. See Kline v. Wheels by Kinney (C.A.4, 1972),464 F.2d 184, 186.
 {¶ 14} We again point out that in general, under Ohio conflict of law principles, we look to New York law to interpret a contract and to Ohio law to resolve tort issues. Therefore, Section 388(1) would only be relevant in this case if it were a statute utilized to interpret the rental agreement. As New York courts have repeatedly held that an action based on Section 388 is a tort action and because the section operates independently of any contractual relationship between a vehicle's owner and its driver, Section 388 does not govern the interpretation of the rental agreement. Accordingly, Section 388(1) cannot be used to interpret the rental agreement, and therefore, under Ohio conflict of law principles, does not apply to the instant case. Therefore, as a matter of law, Avis could not be held liable under Section 388(1). As such, the trial court did not err when it granted Avis' summary judgment on this issue, regardless of its reasoning.
 III. {¶ 15} Huskonen's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 8 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
WHITMORE, J., DICKINSON, J., CONCUR
[1] Huskonen's family includes Shelly Huskonen, Kory W. Huskonen, and Kaley A. Huskonen. His family has brought suit making derivative claims on the basis of loss of consortium due to the injury to Huskonen. *Page 1